1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| AARON CLAUDE YOST,<br><br>　　　　　Petitioner<br><br>　　v.<br><br>STU SHERMAN, WARDEN,<br><br>　　　　　Respondent. | Case No. EDCV 16-1668-VAP (GJS)<br><br>ORDER: SUMMARILY DENYING AND DISMISSING PETITION; AND DENYING CERTIFICATE OF APPEALABILITY |
|---|---|

17

18  　　On August 1, 2016, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this
19  district ("Petition").  Rule 4 of the Rules Governing Section 2254 Cases in the
20  United States District Courts provides that a petition for writ of habeas corpus
21  "must" be summarily dismissed "[i]f it plainly appears from the petition and any
22  attached exhibits that the petitioner is not entitled to relief in the district court."
23  Here, it plainly appears that the claims alleged in the Petition are not cognizable and
24  could not be rendered cognizable through amendment.  Therefore, the Petition must
25  be dismissed, for the following reasons.
26  ///
27  ///
28  ///

# BACKGROUND

Petitioner is serving a Three Strikes sentence of 25 years to life plus ten years based upon a 1997 conviction. Specifically, on May 2, 1997, a Los Angeles Superior Court jury found Petitioner guilty of manufacturing methamphetamine, in violation of California Health & Safety Code § 11379.6, and possession of pseudoephedrine, in violation of California Health & Safety Code § 11383(c). The jury found true that the amount of methamphetamine exceeded 25 gallons/10 pounds pursuant to California Health & Safety Code § 11379.8(a)(3) (the "Weight Enhancement"). In a separate proceeding, the trial court found that Petitioner had suffered two prior "strike" convictions. (Petition, attached copy of February 9, 2015 decision of the California Court of Appeal in Case No. E061732 (the "State Decision") at 2-3.)[1]

Approximately 15 years after Petitioner was convicted, California voters passed Proposition 36, also known as the Three Strikes Reform Act, which added Section 1170.126 to the California Penal Code effective November 7, 2012 ("Section 1170.126"). Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." *People v. Yearwood*, 213 Cal. App. 4th 161, 168 (2013). Section 1170.126(e) governs eligibility for resentencing and, pursuant to subpart (2), expressly excludes prisoners whose current offense is a controlled substance crime "in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true." *See* California

---

[1] The jury also found a lesser weight enhancement of 10 gallons/three pounds to be true, but the California Court of Appeal struck that finding on April 27, 1999, in connection with Petitioner's direct appeal of the conviction. (State Decision at 3.)

2

Penal Code §§ 1170.126(e)(2), 667(e)(2)(C)(i), and 1170.12(c)(2)(C)(i).

These two statutes – California Health & Safety Code §§ 11370.4 and 11379.8 – provide for weight enhancements, *i.e.,* they provide for enhanced penalties when a defendant sustains a controlled substance conviction and the substance involved was of a certain volume. The legislative purpose in enacting these two weight enhancement provisions was to "punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional, or relatively minor role in this activity." *People v. Garcia*, 211 Cal. App. 3d 1096, 1101 (1989) (quoting Assem. Bill 2320 (1985-1986 Reg. Sess.) ch. 1398, § 1). The inclusion of these two weight enhancement provisions within the list of current offense types ineligible for Proposition 36 resentencing is consistent with voter intent to preclude eligibility not only for those third strikers whose current offense is a "serious" or "violent" felony but also to limit eligibility for those third strikers who engaged in certain conduct in the commission of their current non-serious or non-violent crimes of conviction. *People v. Osuna*, 225 Cal. App. 4th 1020, 1046-38 (2014) (examining voter intent in enacting Proposition 36 and quoting from the "Official Title and Summary" in the ballot materials, which stated that "the initiative '[c]ontinues to impose life sentence penalty if third strike conviction was for certain nonserious, non-violent sex or drug offenses or involved firearm possession'").

On July 7, 2014, Petitioner filed a petition for resentencing under Section 1170.126. On July 17, 2014, the trial court denied the petition, finding that Petitioner was ineligible for resentencing due to the Weight Enhancement the jury found true under California Health & Safety Code § 11379.8 (hereafter, "Section 11379.8"). (State Decision at 3.) Petitioner appealed. On February 9, 2015, the California Court of Appeal affirmed, citing the statutory exclusion provisions noted above. Specifically, it stated:

> The only eligibility criterion at issue is the second criterion set forth in subdivision (e)(2) of section 1170.126, which provides in relevant part: "An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  In other words, if defendant's third strike sentence was imposed for one of the offenses listed in section 667, subdivisions (e)(2)(C)(i)-(iii) or section 1170.12, subdivisions (c)(2)(C)(i)-(iii), he is ineligible for resentencing under section 1170.126.
>
> Section 667, subdivision (e)(2)(C)(i) provides: "The current offense is a controlled substance charge, in which an allegation under Section ... 11379.8 of the Health and Safety Code was admitted or found true." Since defendant's third strike conviction was a controlled substance charge (Health & Saf.Code, § 11379.6, subd. (a) [manufacturing methamphetamine] ) for which the Health and Safety Code section 11379.8 weight enhancement was found true as to that count, his offense is one of the offenses listed in section 667, subdivision (e)(2)(C)(i). Thus, under the plain language of section 1170.126, subdivision (e)(2), he is ineligible for resentencing.

(State Decision at 6.)

Petitioner sought review in the California Supreme Court. On April 29, 2015, the California Supreme Court denied review summarily. (Petition, attached copy of Order in Case No. S225217.) Petitioner alleges that he filed a habeas petition in the California Supreme Court, which was denied on April 20, 2016. (Petition at 2, attached copy of Order in Case No. 232363.)

## PETITIONER'S CLAIMS

The Petition alleges the following three habeas claims:

*Ground One:* By including the Section 11379.8 weight enhancement among the matters that render a defendant ineligible for resentencing under Proposition 36, the State of California violated the Ex Post Facto Clause.

*Ground Two:* Petitioner's sentence is unconstitutionally disproportionate under the Eighth Amendment.

*Ground Three:* The California Court of Appeal violated Petitioner's "right to be heard" by failing to consider the merits of his *pro se* supplemental brief on appeal.

## DISCUSSION

For the following reasons, the Court concludes that the Petition must be dismissed summarily, pursuant to Rule 4, because it "plainly appears" that none of the three claims raised warrant relief, nor could they do so with amendment.

### I. **Petitioner's Ex Post Facto Clause Claim Is Facially Frivolous.**

In Ground One, Petitioner argues that his rights under the Ex Post Facto Clause have been violated, because his conviction and sentence were final before Proposition 36 went into effect and disqualified third strikers from eligibility for resentencing if they had a Section 11379.8 enhancement. He argues that, because the drafters of Proposition 36 included this weight enhancement among the list of disqualifying factors, "the state has in effect created a law that significantly alters Petitioner's punishment to his disadvantage." (Petition at 6.)[2]

The Ex Post Facto Clause prevents the government from retroactively altering

---

[2] Petitioner also argues that Proposition 36 is a "substantive" law for purposes of *Teague v. Lane*, 109 S. Ct. 1060 (1989), which bars collateral review courts from retroactively applying a new constitutional rule of criminal procedure announced in a case decision unless two narrow exceptions apply. (*See* Petition at 6-9.) *Teague* is concerned with whether a *federal case decision* announced a substantive rule or a procedural rule; it has nothing to do with the retroactive application of *state statutes* such as Proposition 36. Petitioner's segue into a *Teague* discussion, therefore, merits no further consideration.

5

the definition of, or increasing the punishment for, a crime. *California Department of Corrections v. Morales*, 115 S. Ct. 1597, 1601 (1995). The Ex Post Facto Clause prohibits a state from enacting a law that imposes additional punishment for a crime than the punishment was when the defendant committed the crime. *Weaver v. Graham*, 101 S. Ct. 960, 964 (1981). A law violates the Ex Post Facto Clause under three circumstances: (1) when it punishes an act that was not a crime when it was committed; (2) when it makes the punishment for a crime greater than when the crime was committed; or (3) when it deprives a person of a defense available at the time the crime was committed. *Collins v. Youngblood*, 110 S. Ct. 2715, 2719 (1990). "It is axiomatic that for a law to be ex post facto it must be more onerous than the prior law." *Dobbert v. Florida*, 97 S. Ct. 2290, 2299 (1977).

Petitioner's first claim is factually and legally frivolous, because Proposition 36 has had no effect on his sentence imposed in 1997. Petitioner's assertion that Section 1170.126's eligibility provision, which excludes defendants who have sustained a Section 11379.8 enhancement to their sentence, "significantly alters Petitioner's punishment to his disadvantage" (Petition at 6) is, of course, untrue. Petitioner's sentence for his 1997 conviction has not changed; the denial of his Section 1170.126 request did not add a single day to Petitioner's existing Three Strikes sentence. The 2012 enactment of the Section 1170.126 procedure neither lengthened Petitioner's sentence nor retroactively eliminated any previous possibility of a reduced sentence, as no such possibility existed before Proposition 36 was approved and went into effect. As the California Court of Appeal has aptly noted, "[a] finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." *Osuna*, 225 Cal. App. 4th at 1040 (the finding that a defendant was ineligible for resentencing due to the violent nature of his present offense "did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity on the part of the

electorate to which defendant was not constitutionally entitled").

No ex post facto violation exists based upon Petitioner's statutory ineligibility for Section 1170.126 resentencing. The Ex Post Facto Clause is not implicated when a state decides to afford some prisoners with existing convictions, but not others who committed different crimes, the opportunity to obtain reduced sentences. There simply is no ex post facto concern in this situation. Accordingly, the state courts reasonably rejected Ground One,[3] and Rule 4 requires that the claim be summarily dismissed.

## II. Petitioner's Eighth Amendment Claim Fails On Its Face.

In Ground Two, Petitioner contends that, by including the Section 11379.8 weight enhancement as an ineligibility factor, Proposition 36 rendered his 1997 sentence unconstitutionally disproportionate under the Eighth Amendment. He argues that the Court must assess his sentence under the three factor test utilized in *Solem v. Helm*, 103 S. Ct. 3001 (1983), and that under this test, his sentence is unduly harsh.

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 123 S. Ct. 1179, 1185 (2003) (plurality opinion) (citation omitted). However, "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate to the crime.'" *Id.* at 1186-87 (citation omitted). Although it is clearly established, for 28 U.S.C. § 2254(d)(1) purposes, that the Eighth Amendment prohibits sentences that are grossly disproportionate, "the precise

---

[3] The California Supreme Court denied the claims raised in Petitioner's petition for review and habeas petition on their merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011); *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2259 (2010); *Cannedy v. Adams*, 706 F.3d 1148, 1158-59 (9th Cir.), amended by 733 F.3d 794 (9th Cir. 2013). Thus, the Petition is governed by 28 U.S.C. § 2254(d).

contours of [this principle] are unclear, [and are] applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 123 S. Ct. 1166, 1173 (2003) (citations omitted). This "governing legal principle gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle" and "reserves a constitutional violation for only the extraordinary case." *Id.* at 1175; *see also Solem*, 103 S. Ct. at 3009 ("'[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare'") (citation omitted).

In *Solem*, the Supreme Court applied three specific factors in conducting its disproportionality analysis. 103 S. Ct. at 3010. However, in the relevant Eighth Amendment decisions issued by the Supreme Court in the 23 years since *Solem* was decided, as well as in a decision that predated *Solem*, the Supreme Court did not find that any uniform set of factors must be applied when considering an Eighth Amendment challenge to a sentence. *See Andrade*, 123 S. Ct. at 1173-75 (upholding a 25 years to life Three Strikes sentence for petty theft convictions involving $153.54 worth of videotapes); *Ewing*, 123 S. Ct. at 1185-90 (upholding a Three Strikes sentence for a grand theft conviction stemming from the theft of golf clubs worth approximately $1,200); *Harmelin v. Michigan*, 111 S. Ct. 2680, 2701-02 (1991) (affirming a sentence of life without the possibility of parole for a first-time offender convicted of possessing 672 grams of cocaine); *Rummel v. Estelle*, 100 S. Ct. 1133, 1138-45 (1980) (upholding a life sentence for a recidivist convicted of obtaining approximately $120 by false pretenses); *see also Norris v. Morgan*, 622 F.3d 1276, 1288 (9th Cir. 2010) (characterizing the *Solem* three-factor test as "short-lived").

As the Ninth Circuit has observed, when an Eighth Amendment claim is to be analyzed pursuant to Section 2254(d)(1), the Supreme Court's "gross disproportionality test" is "nebulous." *Crosby v. Schwartz*, 678 F.3d 784, 792 (9th Cir. 2012). Although "what is clear is that a 'gross proportionality principle' applies

1    when evaluating a term of years sentence under the Eighth Amendment," "the
2    precise contours of this principle are unclear, and it has been applied only in
3    exceedingly rare and extreme circumstances." *Id.* at 791.
4        Petitioner's Eighth Amendment argument is unclear.  He first argues that his
5    sentence violates the Eighth Amendment, because Proposition 36 "creat[ed] a crime
6    that was neither serious or violent at the time of Petitioner's offense that can now be
7    proven to have punished only a single person." (Petition at 12.)  In support,
8    Petitioner relies upon two documents appended to the Petition, which he contends
9    show he is the only California defendant currently serving a Three Strikes sentence
10   that involves a Section 11379.8 enhancement of the third strike conviction.[4]  Even if
11   this is true, this situation does not implicate the Eighth Amendment.  While
12   Petitioner possibly may be the only current Third Strikes defendant whose present
13   conviction carries a Section 11379.8 enhancement, even the most cursory search on
14   Westlaw reveals numerous convictions – both before and after Proposition 36 went
15   into effect – of California defendants who received Section 11379.8 enhancements
16   and lengthy sentences.[5]  In short, Petitioner is not the only California prisoner who
17   is being "punished" for conduct to which the Section 11379.8 enhancement applied;

---

[4]    These are:  a 2012 Information Services Request Form submitted by an apparent family member to the Offender Information Services Branch of the California Department of Corrections and Rehabilitation (CDCR), which asked "how many [of existing third strike offenders] have health & safety code 11379,8 attached to their third strike?"; and a November 21, 2012 e-mail response advising her that research showed "there is only one third striker currently in prison with the offense you noted attached to their third strike." (Petition Exs. D-E.)

[5]    *See, e.g., Ramirez v. Tilton*, No. EDCV 08-01923-JFW (RZ), 2010 WL 2430392 (C.D. Cal. May 3, 2010) (15-year sentence, including ten year enhancement under Section 11379.8); *Zarate v. Chrones*, No. EDCV 06-0505-CAS (JC), 2009 WL 866858 (C.D. Cal. March 25, 2009) (18-year sentence imposed: three years for underlying drug offense and 15 years for Section 11379.8 enhancement); *People v. Alvarado*, 2007 WL 2020047 (Cal. Ct. App. July 13, 2007) (two concurrent terms of 13 years, each consisting of three years for underlying offense and ten years for Section 11379.8 enhancement).

Proposition 36 has had no effect on this situation and plainly did not "create a crime" as Petitioner asserts.

Moreover, Petitioner's argument ignores that his underlying drug offense, as enhanced under Section 11379.8, is not the only non-serious or non-violent three strikes crime that is ineligible for Proposition 36 resentencing. A third strike defendant whose third strike is non-serious/non-violent is ineligible for resentencing if he has a prior conviction for one of various listed offenses, such as a lewd and lascivious act or other sexual act with a child under 14, homicide or attempted homicide offenses, and solicitation to commit murder. California Penal Code §§ 1170.126(e)(3), 667(e)(2)(C)(iv), and 1170.12(c)(2)(C)(iv). Section 1170.126(e) also excludes from resentencing eligibility a third strike defendant whose present conviction carries a California Health & Safety Code § 11370.4 drug weight enhancement, or is a felony sex offense or a felony offense that requires the defendant to register as a sex offender, or included a finding that the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another. California Penal Code §§ 1170.126(e)(2), 667(e)(2)(C)(i)-(iii), and 1170.12(c)(2)(C)(i)-(iii). Accordingly, even if, *arguendo*, Petitioner is the sole California prisoner serving a Three Strikes sentence whose underlying third strike offense was enhanced by Section 11379.8, he plainly has plenty of company in terms of other Three Strikes prisoners also ineligible for resentencing even though their current offenses are non-serious/non-violent under the Three Strikes law. Indeed, a quick Westlaw search reveals numerous Three Strikes defendants in the same position as Petitioner, *i.e.,* who have been held to be ineligible for Proposition 36 resentencing due to drug weight/quantity enhancements (under Section 11370.4) or other enhancements, even though their third strike drug offenses are non-serious/non-violent under that statute.[6]

---

[6] *See, e.g., Read v. Valenzuela*, No. 15-cv-01346-EMC, 2016 WL 3383726 (N.D. Cal. June 10, 2016) (third strike defendant convicted of methamphetamine

10

In any event, the issue of disproportionality, for Eighth Amendment purposes, does not turn on how many people have been convicted of and are serving sentences for a particular crime. Rather, the Eighth Amendment question is whether the punishment for that crime itself is grossly disproportionate. Petitioner argues that his sentence is disproportionate, because looking to sentencing "guidelines" from 2012, a defendant who received a Section 11379.8 enhancement that year would have received a maximum sentence of 15 years, and he has been and will be incarcerated for longer than 15 years. The obvious fallacy in Petitioner's argument is that his current sentence is not based simply on the Section 11379.8 enhancement imposed. Rather, the length of Petitioner's sentence is based upon his recidivism, namely, that his current conviction was his third strike. That someone who has only a single conviction carrying a Section 11379.8 enhancement received a shorter sentence than Petitioner's present Three Strikes sentence is of no moment, because comparing recidivist sentences to non-recidivist sentences, and then crying foul because the latter are shorter, is a meaningless exercise for Eighth Amendment purposes.

The Supreme Court has repeatedly, and conclusively, rejected Eighth Amendment disproportionality challenges to lengthy recidivist sentences. *See, e.g., Andrade*, 123 S. Ct. at 1172-75; *Ewing*, 123 S. Ct. at 1185-90; and *Rummel*, 100 S.

---

offenses and being a felon in possession of a firearm held to be ineligible for resentencing, because he was armed with a firearm during the commission of the drug offenses); *People v. Byers*, 2016 WL 334257 (Cal. Ct. App. June 8, 2016) (even though sentence was not imposed on the two Section 11370.4 enhancements the jury found true, the Three Strikes defendant remained ineligible for resentencing on the underlying counts due to the enhancement findings by the jury); *People v. Tatum*, 2014 WL 1095962 (Cal. Ct. App. March 20, 2014) (affirming denial of petition for resentencing because Three Strikes defendant's admission of a Section 11370.4 enhancement rendered him ineligible for resentencing, even though the sentence on the enhancement had been stricken); *People v. Ochoa*, 2013 WL 6797329 (Cal. Ct. App. Dec. 14, 2013) (defendant convicted of third strike drug offenses held to be ineligible for resentencing, because both Section 11370.4 and firearm enhancements were found true).

1 Ct. at 1138-45.  Significantly for Petitioner's argument, each of these decisions
2 involved a conviction for a non-violent or non-serious offense.  Given that
3 Petitioner's Eighth Amendment claim is governed by Section 2254(d), these
4 decisions doom his argument to the extent it rests on a comparison of his Three
5 Strikes sentence with non-Three Strikes sentences involving the same Section
6 11379.8 enhancement.

7 Finally, Petitioner seems to be arguing that it violates the Eighth Amendment to
8 continue to hold him to his original Three Strikes sentence when his most recent
9 offense was not a "violent" or "serious" felony and other California defendants
10 whose third strike is not a "violent" or "serious" felony are eligible for resentencing
11 due to Proposition 36.  (Petition at 12-13.)  Petitioner, however, again relies on a
12 fatally flawed comparison.  As discussed earlier, in approving Proposition 36 and
13 implementing it, California voters and legislators decided that persons who engaged
14 in certain conduct in connection with third strikes felonies would be ineligible for
15 resentencing, even though their third strike felonies were not "serious" or "violent."
16 If Proposition 36 were concerned only with holding defendants whose third strikes
17 were "serious" or "violent" felonies subject to their Three Strike sentences, it would
18 not have made persons serving time for drug offenses or certain non-violent sex
19 offenses ineligible for resentencing if their third strike crimes involved certain
20 conduct perceived to present a danger to the public.  Petitioner simply is not in the
21 same position as a defendant who received a Three Strikes sentence for a non-
22 serious or non-violent felony that did not involve conduct of the sort listed in
23 Proposition 36's exclusionary provision, *i.e.,* Section 1170.126(e)(2).

24 In rejecting Ground Two on its merits, the California Supreme Court necessarily
25 concluded that Petitioner's ineligibility for resentencing under Proposition 36 does
26 not render his Three Strikes sentence imposed in 1997 to be cruel and unusual
27 punishment under the Eighth Amendment.  Petitioner's arguments do not present
28 any basis for finding the state court's rejection of his Eighth Amendment argument

to warrant habeas relief under Section 2254(d). Accordingly, Ground Two is denied.

### III. Petitioner's "Right To Be Heard" Claim Fails On Its Face.

In Ground Three, Petitioner complains that, in connection with his appeal from the denial of his Section 1170.126 petition for resentencing, the California Court of Appeal deprived him of his "right to be heard," because it failed to "address the merits" of claims he raised on a *pro se* basis. He contends that, as a result, the state appellate court deprived him of substantive and procedural due process. (Petition at 15-16.)

In *Anders v. California*, 87 S. Ct. 1396, 1400 (1967), the Supreme Court delineated a procedure that appointed appellate counsel should follow if he or she determines that an appeal would be frivolous. In *Smith v. Robbins*, 120 S. Ct. 746, 759-63 (2000), the Supreme Court held that California's *Wende* procedure[7] does not violate the *Anders* rule and provides a criminal appellant with a constitutionally adequate and effective direct appeal.

Petitioner's appointed appellate counsel filed an *Anders/Wende* brief, and Petitioner filed his own supplemental brief. (Petition Ex. C at 4.) The California Court of Appeal stated that, "[p]ursuant to the mandate of *People v. Kelly* (2006) 40 Cal. 4th 106, we have independently reviewed the record for potential error and find no arguable issues." (*Id.* at 7.) Petitioner contends that the California Court of Appeal violated *Kelly*, because it did not comply with *Kelly's* dictate that when a defendant files a supplemental brief, "the court of appeal decision must briefly describe the defendant's contentions and the reason they fail." *Kelly*, 40 Cal. 4th at 120.

---

[7] Under *People v. Wende*, 25 Cal. 3d 436 (1979), appellate counsel may file a brief setting forth a statement of the case, summarizing the facts, and asking the California Court of Appeal to independently review the record for arguable issues.

13

1    Assuming, *arguendo*, that, under *Kelly*, the California Court of Appeal was
2    required to address Petitioner's supplemental contentions (whatever they were[8]), his
3    third claim nonetheless does not state a plausible claim for federal habeas relief.
4    Under 28 U.S.C. § 2254(a), habeas relief is only available if petitioner shows that he
5    is in custody in violation of the Constitution or laws or treaties of the United States.
6    Thus, alleged errors in the application of state constitutional, statutory, or decisional
7    law are not cognizable on federal habeas review. *See, e.g., Estelle v. McGuire*, 112
8    S. Ct. 475, 480 (1991) (reiterating that "'federal habeas corpus does not lie for errors
9    of state law'" and "it is not the province of a federal habeas court to reexamine state
10   court determinations on state law questions"; citation omitted); *Langford v. Day*,
11   110 F.3d 1380, 1389 (9th Cir. 1996) ("alleged errors in the application of state law
12   are not cognizable in federal habeas corpus").

   Ground Three amounts to a contention that the California Court of Appeal
13   
14   departed from California precedent in failing to adhere to *Kelly* when it resolved his
15   appeal. Petitioner's attempt to create a federal issue by labeling the state appellate
16   court's deviation from a state law requirement as a "due process" violation is
17   unavailing. *See Langford*, 110 F.3d at 1389 (holding that a petitioner may not
18   "transform a state-law issue into a federal one merely by asserting a violation of due
19   process"); *see also Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) ("we have long
20   recognized that 'a "mere error of state law" is not a denial of due process'")
21   (citations omitted); *Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006)
22   ("'We cannot treat a mere error of state law, if one occurred, as a denial of due
23   process; otherwise, every erroneous decision by a state court on state law would
24   come here as a federal constitutional question.'") (citation omitted); *Bonin v.
25   Calderon*, 59 F.3d 815, 841 (9th Cir. 1995) (the violation of a "state law right does
26   not warrant habeas corpus relief").

---

[8]    Petitioner has not identified these claims.

14

1     Ground Three raises nothing more than a claim of state law error and does not
2 implicate the federal Constitution.  Contrary to Petitioner's assertion, there is no
3 clearly established Supreme Court precedent that entitles him to receive a reasoned
4 decision addressing each and every one of the claims he raised on a *pro se* basis.[9]
5 While *Kelly* may establish a state law requirement, it is not a federal constitutional
6 one, and hence, noncompliance with it does not give rise to any basis for federal
7 habeas relief.  The California Supreme Court, therefore, reasonably rejected
8 Petitioner's federal due process argument.  As a result, Section 2254(d) forecloses
9 federal habeas relief and Ground Three is denied.

11                         \*    \*    \*    \*    \*

13     Petitioner's attempt to transform the state law finding that he is ineligible for
14 Section 1170.126 resentencing into an asserted violation of his federal constitutional
15 rights is unavailing.  Draping this question of state law in the verbiage of due
16 process or cruel and unusual punishment or the Ex Post Facto Clause does not
17 render his claims cognizable here.  The California Court of Appeal and the
18 California Supreme Court agreed with the trial court that Petitioner is ineligible for
19 Section 1170.126 relief due to the Weight Enhancement and, thus, no state
20 sentencing error occurred.  This is a question of California law to which this Court
21 must defer.  *See Bradshaw v. Richey*, 126 S. Ct. 602, 604 (2005) (*per curiam*) ("a
22 state court's interpretation of state law, including one announced on direct appeal of
23 the challenged conviction, binds a federal court sitting in habeas corpus"); *Hicks v.*
24 *Feiock*, 108 S. Ct. 1423, 1428 & n.3 (1988) (interpretation of state law by state

---

[9]     Petitioner's reliance on *Goldberg v. Kelly*, 90 S. Ct. 1011 (1970) – a case holding that AFDC recipients were entitled to a hearing before having their benefits terminated – has no application here, as it is factually and legally inapposite to the issue raised in Petitioner's third claim and cannot possibly constitute clearly established federal law for purposes of Ground Three.

court, including interpretation announced by intermediate appellate court, binds federal court in habeas proceedings). The Petition does not state a cognizable federal habeas claim, and therefore, Rule 4 mandates its dismissal.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DENIED AND DISMISSED WITH PREJUDICE.

In addition, the Court concludes that a certificate of appealability is unwarranted in this case, because Petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the Petition is not cognizable. Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 25, 2016

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE